■ HERMAN WALDEN, Respondent, v. SARAH WALDEN, Appellant.— Appeal by the defendant wife from a judgment of the Supreme Court, Kings County, dated May 5, 1971 and made after a nonjury trial, which *inter alia* granted a divorce to the plaintiff husband on the ground of abandonment for two or more years. Judgment reversed, on the law, with costs, and new trial granted in the interests of justice; and plaintiff is directed to pay defendant $1,000 as a counsel fee, without prejudice to an application for a further counsel fee for the retrial. Plaintiff's claim at the trial was that defendant locked him out of the marital apartment without justification in the spring of 1964. He testified to this effect and his evidence was corroborated by the testimony of Charles Heard, his close friend. Defendant disputed the lock-out and testified to the effect that plaintiff left her without justification for another woman. Plaintiff's evidence would, if believed, support a judgment in his favor. Similarly, defendant's evidence would, if believed, defeat the action. The trial court believed plaintiff and granted him a divorce. Where substantial evidence exists both as to a plaintiff's claim and the defense to it, the credibility of each side's witnesses becomes the critical factor in the action, particularly where there is only one issue, tried by the court, factual in nature: whether the wife abandoned the husband. While this court has the power to review questions of law and questions of fact (CPLR 5501, subd. [c]) and should, in a proper case, render such judgment as should have been rendered by the trial court after a nonjury trial (*Humble Oil & Refining Co.* v. *Jaybert Esso Serv. Sta.*, 30 A D 2d 952), it cannot do so where the evidence is in such sharp conflict upon the controlling issue of fact and where veracity of the witnesses is so critical. Instead, it must order a new trial and not make new findings of fact (*Shapiro & Schoolsky Waste Material Corp.* v. *American Eagle Fire Ins. Co. of N. Y.*, 278 App. Div. 694). Ample grounds for a new trial exist on this record, since important material evidence was improperly excluded, to defendant's prejudice, which evidence, had it been admitted, might well have resulted in a contrary determination. Plaintiff, as previously noted, testified to a lock-out which occurred in the spring of 1964. On cross-examination, defendant's attorney inquired into support proceedings brought by defendant against plaintiff in late 1964 and early 1965 in the Family Court. Defendant then attempted to show that plaintiff did not relate a lock-out in the Family Court. When defendant offered the Family Court records in evidence to impeach plaintiff's veracity, the records were excluded on the ground that support was not at issue in the case. In our opinion, the Family Court records were improperly excluded on this ground. A party may impeach an adversary witness by prior inconsistent statements or, in the case of a party, by admissions. Under these circumstances, plaintiff's prior failure to claim or refer to a lock-out was admissible as conduct inconsistent with his present claim, and such conduct is relevant to the weight to be given to his testimony at the trial (see, e.g., 4 Wigmore, Evidence, § 1060). The record contains other errors which, collectively, unduly limited the scope of cross-examination, to defendant's prejudice. For example, at one point in plaintiff's cross-examination it was brought out that he had purchased furniture and had caused it to be delivered to an unidentified woman. The trial court excluded inquiry into the nature of plaintiff's relationship with this woman. This testimony has some bearing on defendant's contention that plaintiff abandoned her for another woman, since the occurrence took place at about the same time as the lock-out and might have given more weight to defendant's contention that plaintiff left her for another woman. Similarly, during cross-examination of Charles Heard, plaintiff's witness, the trial court would not permit questions as to whether

Heard knew that plaintiff was living with another woman. We are also of the view that it was an abuse of discretion, to deprive defendant of a counsel fee (see Domestic Relations Law, § 237, and Professor David D. Siegel's Practice Commentary thereon [McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, §§ 200 to end, p. 283 *et seq.*] ; see, also, *Johnson* v. *Johnson*, 25 A D 2d 672, 673; *Brownstein* v. *Brownstein*, 25 A D 2d 205, 211). Accordingly, we award defendant $1,000 as a counsel fee, without prejudice to an application for a further counsel fee upon the retrial. Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.