■　PAUL A. ANOSTARIO, Appellant, v VINCENT E. VICINANZO et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered January 22, 1980 in Montgomery County, upon a decision of the court at a Trial Term, without a jury. When this action was before us on a prior occasion (56 AD2d 406), the majority, while concurring that the oral contract between the parties fell within the Statute of Frauds and was not exempt from its requirements by operation of the joint venture exception, nevertheless concluded that the judgment in favor of the defendant had to be reversed and a new trial held because plaintiff's evidence established another exception to the Statute of Frauds, namely, that of part performance. Since the trial court had not found it necessary to make any factual determination concerning the existence of an accord or the specific amount of plaintiff's interest, if any, we remanded the case and directed the trial court to make such determination. When the parties and their attorneys thereafter appeared before the trial court, it was stipulated that the court was to review the record, exhibits, briefs and opinions. Counsel would be notified if any further testimony was required to assist the court but, unless that occurred, a decision was to be reached upon the existing record. No such request for additional proof was made. On December 31, 1979, the trial court again dismissed the complaint finding that any partial performance by plaintiff was not of such a nature to permit exception to the Statute of Frauds defense. Clearly, the trial court misconstrued our directive by not factually developing the record. It is our view that our original finding of part performance inferentially established that, because of the oral agreement, the attitude of the contracting parties toward each other was radically changed and notorious acts "unequivocally referable" to the oral contract were performed indicating that *some* contract had been made between the parties (cf. 3 Williston, Contracts [3d ed], § 494, p 570). Since fact finding to surface details of the contract was not con-

ducted by the trial court, either in the first instance or upon remand, such a procedure must go forward if the rights of the parties are to be ascertained. The existence and terms of the oral agreement are facts separate and distinct from acts of part performance and need be separately identified. In the present posture of the case, the details of the oral agreement have not yet been established. While this court has the power to review questions of law and questions of fact (CPLR 5501, subd [c]) and should, in a proper case, render such judgment as should have been made by the trial court in a nonjury trial *(Walden v Walden, 41 AD2d 664; Humble Oil & Refining Co. v Jaybert Esso Serv. Sta., 30 AD2d 952)*, we refrain from doing so where, as here, the record is incomplete with respect to the contract issue. Judgment reversed, on the law, without costs, and matter remitted for development of the record and a determination of the rights of the parties. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.