(April 29, 1982)

■ PAUL A. ANOSTARIO, Appellant, v VINCENT E. VICINANZO et al., Respondents. — Appeal from a judgment of the Supreme Court, in favor of defendants, entered January 22, 1980 in Montgomery County, upon a decision of the court at Trial Term (Dier, J.), without a jury. On a motion for reargument of the denial of an application for permission to appeal a prior decision of this court (see 79 AD2d 825) to the Court of Appeals, we, on our own motion, granted reargument of that prior decision (84 AD2d 692). In our prior decision, it was our view that further development of the record was desirable. It is now manifestly clear that no further proof is to be offered. Accordingly, we now exercise our fact-finding powers and grant the judgment which, upon the evidence, should have been granted by the trial court (cf. *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052; *De Mayo v Yates Realty Corp.,* 35 AD2d 700, affd 28 NY2d 894). We find as matters of fact, based upon the credible evidence, that plaintiff agreed with defendant to participate as a 50% shareholder in the Amsterdam Commercial Corporation upon its acquisition of real property located at 27-31 East Main Street, Amsterdam, New York; that he did so without promising to make a direct financial contribution to the enterprise, but did agree to manage the building and serve its tenants; and that the property was acquired by the Amsterdam Commercial Corporation on March 31, 1972. Therefore, plaintiff is awarded a one-half interest in the defendant corporation as of March 31, 1972. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered in favor of plaintiff in accordance with this decision. Sweeney and Kane, JJ., concur; Mikoll, J., concurs in the result only; Mahoney, P. J., and Casey, J., dissent and vote to affirm in separate opinions.

Mahoney, P. J. (dissenting). I adhere to my original dissent in this matter (56 AD2d 406, 411) wherein I recommended that the judgment dismissing the complaint be affirmed due to the contract's failure to comply with the Statute of Frauds.

Casey, J. (dissenting). The last time this case was before us (79 AD2d 825) we remitted the matter for further development of the record upon the ground that "the record is incomplete with respect to the contract issue" (*id.,* at p 826). In view of the parties' decision to submit no further proof upon remittal, it necessarily follows that the record remains incomplete with respect to the contract issue, and since plaintiff has the burden of proof on that issue, his complaint should be dismissed. Accordingly, Trial Term's judgment should be affirmed.