■ ANN BERMAN, Also Known as ETTIE BERMAN, by Her Mother and Natural Guardian, ROSLYN BERMAN, et al., Appellants, v NATIONAL COUNCIL OF BETH JACOB SCHOOLS, INC., et

al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, on grounds of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Mirabile, J.), entered February 21, 1985, as after a nonjury trial, is in favor of the plaintiff Ann Berman also known as Ettie Berman in the principal amount of only $30,000, and is in favor of the plaintiff Roslyn Berman in the principal amount of only $2,000.

Judgment modified, on the facts, by increasing the award of damages to the plaintiff Ann Berman, also known as Ettie Berman, from the principal sum of $30,000 to the principal sum of $50,000, and increasing the award of damages to the plaintiff Roslyn Berman from the principal sum of $2,000 to the principal sum of $5,000. As so modified, judgment affirmed insofar as appealed from, with costs payable to the plaintiffs, and matter remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The evidence at trial demonstrated that as a result of the negligence of the defendants while the then 14-year-old plaintiff Ettie Berman was at their summer camp, she contracted rheumatic fever, which was neither detected nor treated until she returned home at the end of the summer. By that time Ettie, who is deaf, had also developed, as a result of the disease, polyarthritis, a slightly enlarged heart, and a significant heart murmur. Her illness and its treatment caused her to miss two and a half months of school and to limit her activities once she returned. Although she responded well to medical treatment, some three and a half years later Ettie still suffered from a mild leakage of her aortic valve, a condition whose prospect for healing could only be speculated upon. This heart problem leaves Ettie susceptible to endocarditis and other possible complications, and causes Ettie, who had no prior heart problems, to tire and run out of breath easily. Medical expenses related to Ettie's treatment were shown to total approximately $2,900.

Upon our examination of the record pursuant to our authority in nonjury cases to "make new findings of fact and a final adjudication thereon" *(York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 134; *see, Walden v Walden,* 41 AD2d 664; 7 Weinstein-Korn-Miller, NY Civ Prac, ¶ 5501.20), we conclude that the award of the principal sum of $30,000 to Ettie Berman and the principal sum of $2,000 to her mother, the plaintiff Roslyn Berman, was inadequate. The infant plaintiff, who must already cope in society with one handicap, must

now also cope with the effects of a heart condition that has no demonstrated prospect of improving. Accordingly, we find an award of the principal sum of $50,000 to be appropriate. The award on Roslyn Berman's derivative claim should be such as to cover special damages, and we accordingly award her the principal sum of $5,000. Thompson, J. P., Rubin, Lawrence and Eiber, JJ., concur.