Thomas L. McCROAN, Appellant,

v.

M. L. COWAN, Appellee.

No. 5079.

Court of Civil Appeals of Texas,
Waco.

Nov. 18, 1971.

Rehearing Denied Dec. 9, 1971.

Bardwell D. Odum, Dallas, for appellant.

J. Harvey Lewis, Dallas, for appellee.

## OPINION

JAMES, Justice.

This suit arose out of sale of an automobile. Appellee Cowan found an ad in a newspaper showing that one "L. Levine, Trustee" had for sale a 1969 Chevrolet. The ad listed a telephone number which Appellee called, and was told where to come see the car. After negotiation with Levine, whom he found after following the instructions, he bought the car for an agreed price of $2367.00, giving his check therefor to Levine, who cashed it, same having been paid through Appellee's bank. Levine delivered possession of the car to Cowan, together with an unsigned bill of sale, and promised to deliver him the title but never did do so. After investigation, Cowan found that Appellant McCroan claimed he owned the car, but McCroan refused to deliver title to Cowan unless Cowan would pay him additional money, which Cowan refused to do. McCroan had never received any money from Levine in payment of the car.

Appellee Cowan filed suit against Levine and Appellant McCroan for specific performance of transfer of title to him, or in the alternative for actual damages and costs. Cowan pleaded among other things that Levine was the agent or trustee of McCroan.

McCroan filed a cross-action; alleging conversion and instituted sequestration proceedings and had the car taken away from Cowan and sold to a third party. Thereafter, Cowan amended his petition, asking not only for $2367.00 actual damages but also exemplary damages.

Levine did not appear at the trial, it being shown that he was confined in jail. Trial was to a jury which found the following facts in accordance with the following numbered special issues:

(1.) That Levine was acting as agent of McCroan and within the scope of his employment in making sale of the car to Cowan.

(2.) Levine was acting as the apparent agent of McCroan and within the scope of his employment in making sale of the car to Cowan.

(3.) There was no special Issue No. 3 included in the charge.

(4.) Cowan sustained damage as a result of the transaction between Levine and Cowan.

(5.) Cowan's damages amounted to $2367.00.

(6.) Cowan should be awarded $1700.00 exemplary damages.

(7.) The jury failed to find that Cowan wrongfully withheld possession of the car from February 5, to June 23, 1970.

Nos. 8, 9 and 10 were issues in support of McCroan's defenses, conditioned upon a "yes" finding to No. 7 and were therefore properly left unanswered by the jury.

In accordance with the verdict, the trial court entered judgment in favor of Cowan against Levine and McCroan jointly and severally for $4067.00 and costs, from which McCroan appeals on thirteen points of error.

Points 1 through 5 attack the trial court's submission to the jury of Special Issues 1 and 2, and the jury's findings pursuant thereto, to the effect that Levine was the agent and apparent agent, respectively, of McCroan and was acting within the scope of his employment in making sale of the car to Cowan. Appellant's contention is that there is no evidence to support such issues, and alternatively, that the evidence is insufficient to support these issues. We overrule these contentions.

We have carefully considered the entire record, and conclude that these findings of actual agency and apparent agency are amply supported by the evidence.

When deciding a "no evidence" point, this court is required to examine the entire record, to see if there is any evidence of probative force to support these attacked jury findings or either of them. Then, even if there is some evidence of probative force in support of the findings or either of them, this court is required to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial if it concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate (1951) 150 Tex. 662, 244 S.W.2d 660; Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361. However, in the case at bar, we find substantial evidence to support the jury's findings that Levine was the actual as well as the apparent agent of McCroan in making sale of the car to Cowan, and that he was acting within the scope of his employment as such.

McCroan was a used car dealer doing business at 3715 Ross Avenue in Dallas, Texas, under the name of "Tom's Used Cars." There were a half-dozen or so other car dealerships doing business at this same location, among whom was L. Levine who did business under the name of "Wholesale Auto Center". All these car dealers had some sort of expense sharing or overhead-sharing arrangement, the landlord being one Jim Murphy who did business as "Jim's Used Cars". The car in question was advertised for sale in a newspaper under the name of "L. Levine Trustee Co.," giving no address but only a telephone number. Cowan called in response to the ad, and pursuant to directions given him, went to a residence house and there met Levine. This car as well as other cars were located at this residence house. Levine told Cowan, "Well, I'm a Trustee, I sell for estates and for various people." Levine showed the subject car to Cowan, they agreed on a price, and Levine gave Cowan possession of the car along with an unsigned bill of sale under the letterhead of "L. Levine Trustee". Levine promised to have the title certificate transferred to Cowan in a matter of a few days as soon as same could be accomplished.

Some time before this sale, McCroan gave Levine's porter permission to pick up the car and take possession of it for Levine, with no payment of any kind and no indicia of ownership or title of any kind having passed from McCroan. McCroan knew that Levine advertised as a "Trustee" and in testifying with reference to his knowledge of this, he said Levine's use of the term "Trustee" was a "gimmick". The original title certificate of the subject car (which was introduced in evidence) showed as owner on its face "Earl Hayes Rents Cars and Trucks a corporate Unit", and on the back side are four forms for title assignments, three of which forms were successively completed and showed "Tom's Used Cars" as the last assignee or purchaser. Then the fourth and last form shows an assignment with assignor to be "Tom's Used Cars by Thomas McCroan", and shown to be notarized and undated, with the *name* of the *transferee in blank*.

McCroan stoutly maintained throughout the trial as well as on this appeal that he had sold this car to Levine at or about the time he turned possession of the car over to Levine; however, after this suit was filed (several months later), McCroan in his affidavit for sequestration swore that he (McCroan) was the owner of the subject car (as of the time of this affidavit).

We believe the foregoing facts are substantial and sufficient to show Levine was acting as agent for McCroan in making the sale of the car to Cowan. Appellant's points 1 through 5 are therefore overruled.

Appellant's point 6 contends that the trial court erred in submitting Special Is-

sues Nos. 1 and 2 to the jury (the agency issues) for the reason that agency is a question of law for the Court and not of fact for the jury. As stated hereinabove, Special Issues Nos. 1 and 2 each asked two questions in one, the multifariousness not being objected to by Appellant. No. 1 inquired about the fact of actual agency and then went on to inquire if Levine was acting within the scope of his employment. No. 2 inquired about the fact of apparent agency and then likewise went on to inquire if Levine was acting within the scope of his employment. The terms "agent", "apparent agent", and "within the scope of his employment" were each defined by the trial court to the jury in the charge.

 We do not believe the trial court committed error in submitting these issues. In Haas Drilling Co. v. First National Bank in Dallas (Sup.Ct.1970) 456 S.W.2d 886, the Supreme Court points out that more latitude is permitted in the wording of special issues in cases other than negligence cases. The Supreme Court goes on to say: "In his 1969 Supplement on Special Issue Submission in Texas, Hodges notes the distinction in special issue submission in negligence and non-negligence cases; at page 71, he states: 'Since Roosth and Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953), it is quite clear that there will be no reversal in non-negligence cases simply because the issue is too broad or too small. The trial court has almost complete discretion, so long as the issue in question is unambiguous and confines the jury to the pleading and the evidence'". Since the case at bar is not a negligence case, we believe the trial court's submission of the two agency issues were proper, under the rule enunciated by the Supreme Court in *Haas*. Appellant's point 6 is therefore overruled.

Appellant's points 7, 8, 10, 11 and 12 deal with instances wherein the trial court sustained objections to testimony offered by Appellant. We have carefully consider-ed these points, and conclude that none of them present reversible error.

 Appellant's point 9 deals with the trial court's overruling of Appellant's objection to a question asked by Appellee regarding Appellant's "placing cars with" Levine, contending that Appellant could not properly answer the question without having a definition of the phrase "placing cars with". We overrule this contention and say that this is a matter which would properly fall within the scope of redirect examination. That is to say, Appellant's counsel would have the opportunity on redirect examination of Appellant to explain the details and intricacies of his car dealings with Levine.

Appellant's point 13, relating to the scope of re-examination of Appellee after he had been recalled as a witness by Appellant has been carefully considered, and found to be without merit.

Judgment affirmed.