**Joe NAJARIAN, Appellant,**

v.

**DAVID TAYLOR CADILLAC, Appellee.**

**No. 01–85–0647–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 13, 1986.

Joe R. Blackburn, Blackburn, Gamble, Henderson & Grubb, Houston, for appellant.

Barton T. Westmoreland, Johnson, Wurzer & Westmoreland, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment that dismissed appellee as a defendant in a deceptive practices case.

On August 30, 1982, Maurice A. Levine traded a 1979 Cadillac Sedan DeVille to appellee as part of the purchase price of a new Cadillac. On or before September 3, appellee, a new and used car dealer, sold the 1979 Cadillac to William Rogers, agent of Laura Roberts d/b/a R & R Auto Sales (R & R Auto), a used car dealer, and furnished an odometer mileage statement showing that the vehicle had been driven 89,510 miles. R & R Auto did not pay for the car upon delivery, and it did not receive a certificate of title at that time. Pursuant to an existing agreement between appellee and R & R Auto, appellee allowed Rogers to remove the vehicle from the premises and to submit a draft for payment at a later date.

On September 8, Rogers, acting on behalf of R & R Auto, sold the 1979 Cadillac to appellant for $5,876. An odometer mileage statement furnished by R & R Auto showed the mileage as "unknown." However, appellant claims that Rogers told him before the sale that an odometer reading of 45,500 miles, which had appeared earlier on the vehicle's speedometer, was correct.

After appellant bought the vehicle, he began having trouble with it and incurred repair bills of $739.01.

On February 10, 1983, appellant sued Laura Roberts d/b/a R & R Auto Sales and Rogers, individually, alleging violation of Tex.Bus. & Com.Code Ann. sec. 17.46 (Vernon Supp.1986) (the Deceptive Trade Practice-Consumer Protection Act). He also sued appellee alleging that it negligently entrusted the automobile to R & R Auto and that an agency relationship existed between appellee and R & R Auto.

Appellee filed a motion for summary judgment together with supporting affidavits, documents, and deposition testimony.

Appellant filed a response to the summary judgment contending that under Tex. Rev.Civ.Stat.Ann. art. 6687–1, secs. 33 and 53 (Vernon 1977) (the Certificate of Title Act (the Act), no title to any motor vehicle shall pass or vest until the title is transferred; therefore, appellee was liable to appellant for his damages. Appellant submitted no evidence in support of his response. On June 4, 1984, the trial court granted appellee an interlocutory summary judgment, which became final after judgment was entered in favor of appellant against R & R Auto on June 7, 1985.

In his sole point of error, appellant argues that because there had been no trans-

fer of the certificate of title from appellee to R & R Auto on the date of appellant's purchase, the sale of the vehicle to R & R Auto was void, despite the purchase contract between R & R Auto and appellant. Therefore, appellant contends, a fact issue exists as to whether appellee, as actual owner on September 8, 1982, is liable to appellant under the claims raised in appellant's pleading.

A defendant is entitled to prevail on a motion for summary judgment if he establishes, as a matter of law, that there exists no genuine issue of material fact as to one or more elements of plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Federated Department Stores, Inc. v. Houston Lighting & Power Co.*, 646 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1982, no writ). Once the defendant has negated, as a matter of law, such elements of plaintiff's cause of action, plaintiff has the burden of introducing evidence that raises issues of fact with respect to the elements negated by defendant's summary judgment evidence. *Federated Dept. Stores*, 646 S.W.2d at 511. This evidence must be of probative force. *Woolhouse v. Tolchin Instruments, Inc.*, 601 S.W.2d 106 (Tex.Civ. App.—Dallas 1980, no writ).

These facts are undisputed: R & R Auto took possession and control of the vehicle from appellee prior to appellant's purchase of the vehicle; appellee did not receive payment for the vehicle until after appellant had purchased it from R & R Auto; the certificate of title did not transfer the vehicle to R & R Auto prior to appellant's purchase of the vehicle.

On appeal, appellant has confined his argument to whether appellee was the owner of the vehicle at the time of appellant's purchase. This issue raises a question concerning the legal effect of the Act upon the transfer of the vehicle from appellee to R & R Auto. As such, the determination of such legal effect is a question of law. *Smith v. Allstate Insurance Co.*, 467 F.2d 104, 106 (5th Cir.1972).

Appellee presented evidence in support of its motion for summary judgment that at the time of the purchase by R & R Auto, appellee was a licensed new and used automobile dealership. As such, it was exempt from the requirement of making application for a certificate of title before selling or disposing of the automobile. *National Automobile & Casualty Insurance Co. v. Alford*, 265 S.W.2d 862, 865 (Tex.Civ.App. —Eastland 1954, writ ref'd n.r.e.); *First State Bank v. Austin*, 315 S.W.2d 390 (Tex.Civ.App.—San Antonio 1958, writ ref'd). However, appellant contends that under no circumstance does the purchaser get ownership and title until there is compliance with the Act. The case law does not support appellant's contention.

■ The legislative intent of the Certificate of Title Act was to lessen and prevent theft of motor vehicles, traffic in stolen vehicles, and sale of encumbered vehicles without disclosure of existing liens. *Pfluger v. Colquitt*, 620 S.W.2d 739, 742 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.). It was not to prevent sales and transfers of interest in motor vehicles. "The Act does not prohibit or provide penalties for persons who have transferred interest in motor vehicles without compliance with the provisions thereof." *Viator v. American General Insurance Co.*, 411 S.W.2d 762, 765 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.); *see Hicksbaugh Lumber Co. v. Fidelity & Casualty Co.*, 177 S.W.2d 802 (Tex.Civ.App.—Galveston 1944, no writ).

Under Texas law, non-compliance with the Act does not override the clear showing of a valid and complete transfer of ownership of an automobile. *Smith v. Allstate Ins. Co.*, 467 F.2d at 106. Even in the face of non-compliance, the sale of a vehicle without the transfer of a title certificate is valid "as between the parties, when the purposes of the Certificate of Title Act are not defeated, although the Act declares that the non-transfer of such certificates renders the sale void." *Smith v. Allstate Ins. Co.*, 467 F.2d at 107; *Phil Phillips Ford, Inc. v. St. Paul Fire & Marine In-*

*surance Co.,* 465 S.W.2d 933, 937 (Tex. 1971).

> As between the parties, a sale without a transfer of the certificate is analogous to a defective deed of real estate, which, though ineffective as a conveyance because of noncompliance with statutory requirements, may nevertheless be binding between the parties as an executory contract if the equities of the case so require.

*Pfluger,* 620 S.W.2d at 742.

We hold that appellee established, as a matter of law, by competent summary judgment evidence, that it was not the owner of the vehicle at the time of appellant's purchase. The summary judgment evidence offered by appellee established that on or before September 3, 1982, appellee transferred possession and control of the vehicle to R & R Auto. It was appellee's practice to allow dealerships such as R & R Auto to pick up vehicles prior to submitting a draft for payment. At the time of such purchase, appellee considered R & R Auto to be the owner of the vehicle.

At the time of the sale of the vehicle to appellant by R & R Auto, appellant was unaware that appellee had been the previous owner. There were no representations made by R & R Auto that it was acting on behalf of appellee. At no time had appellee requested R & R Auto to represent it in the sale of the vehicle. It was appellant's belief that the purchase contract was fully consummated between R & R Auto and himself on September 8, 1982.

Further, appellant would not be entitled to recover on a negligent entrustment theory simply because appellee did not follow the dictates of the Certificate of Title Act. In *Rush v. Smitherman,* 294 S.W.2d 873 (Tex.Civ.App.—San Antonio 1956, writ ref'd), Smitherman sold an automobile to an employee, by oral agreement. The employee was to pay for the car in periodic installments, and there was no agreement as to when title would be delivered. Approximately a week after the agreement, the employee had an accident, and as a result, Smitherman was sued, on a theory of negligent entrustment. The court held: (1) that the parties had entered into a contract to sell, which was not illegal between the parties, (2) that one who bails his vehicle may be negligent under the doctrine of negligent entrustment, but (3) that the rule of negligent bailments at common law does not embrace the sale of vehicles, and (4) that the Certificate of Title Act does not alter the rule.

The judgment is affirmed.