Carlos Miranda SAULNY, Appellant,

v.

RDY, INC., d/b/a The Sportsman, Appellee.

No. 13-88-045-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1988.

Horacio L. Barrera, Tony Martinez, Martinez & Barrera, Brownsville, for appellant.

Jerry L. Stapleton, Stapleton, Whittington, Curtis & Huddleston, Harlingen, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Carlos Saulny, purchased a used boat, being sold on consignment, from The Sportsman. Saulny became dissatisfied with the boat and the service from The Sportsman. He filed suit against The Sportsman alleging violations of the Deceptive Trade Practices Act, breach of contract, and breach of warranty. After a bench trial, the trial court ordered a take nothing judgment against appellant. Two questions are presented: (1) whether the evidence was factually sufficient to support the trial court's judgment; and (2) whether The Sportsman's failure to comply with the Water Safety Act makes the sale void as between the parties.

■ Appellant's point of error on appeal states "the Court erred in finding that plaintiff had not been deprived of the use of the boat by defendant's failure to acquire title." Appellant argues that the evidence could not support such a finding. However, no findings of fact or conclusions of law were requested from the trial court.

Where no findings of fact or conclusions of law are filed, it is presumed that the trial court found facts in favor of its order if there is any probative evidence to support the judgment. Additionally, in the absence of findings of fact or conclusions of law, appellate courts must affirm the judgment of the trial court on any legal theory that finds support in the evidence. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986).

■ We interpret appellant's point as asserting that the evidence is "insufficient" to support the trial court's judgment. An assertion that the evidence is "insufficient" can mean that the evidence supporting the finding is so weak or that the evidence to the contrary is so overwhelming that we should set aside the finding and order a new trial. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We consider all the evidence in making this determination. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986).

Appellant purchased a boat from The Sportsman. Prior to paying the full amount, he tested the boat in the water and made a list of repairs he wanted to be completed before he would pay for the boat. On September 27, 1984, the boat was delivered to appellant and he paid for the boat in full, even though he could not test the boat in the water due to the adverse weather conditions. After he tested the boat in October, he complained about a leak in the cabin and radio problems. Bill Roberts, the salesman who sold Saulny the boat, testified that the leak was not on the original list of repairs, yet they offered to fix the leak at their cost, but they were not asked to. The radio and speaker were provided.

In November 1984, and January 1985, appellant paid for repairs on the engine. It was Bill Roberts' opinion that these repairs were necessitated by damage to the boat after the boat was delivered to the appellant. In March, appellant sent a letter to The Sportsman saying the boat did not conform and that they were rescinding the contract and tendering the boat for return of the purchase price and expense.

Bill Roberts testified that after the sale they realized no certificate of title had been issued for the boat. They informed appellant about the delay. Robert had to get in touch with the owner, who lived in Mexico and was hard to contact. After speaking with the owner they found they had to obtain a statement of origin from the manufacturer to apply for original title. Roberts said that although registration was delayed, The Sportsman could have issued temporary permits to allow the boat to be used, but appellant never requested it.

Appellant testified that neither he, nor anyone else complained about the title and registration until April, 1985. At that time, a written demand for the documents was made. In May, the documents were delivered to appellant's counsel.

■ The overwhelming weight of the evidence supports the trial court's implied finding that Saulny was not deprived of the use of the boat by The Sportsman's failure to acquire title. Bill Roberts testified that he could give appellant T–X numbers to allow appellant to use the boat in the water while the title work was pending. He said had they requested it, he could have given them more temporary T–X numbers, but they never requested it. Rob Youker, owner of The Sportsman, testified that The Sportsman worked on the title matter continuously from September 1984, until May 1985.

Appellant testified he put the boat in the water on two occasions, but they had a problem and had to get it repaired. He said after March he had no desire to use the boat because he did not have insurance on it because he did not have documentation of title. However, appellant's attorney stipulated that the boat had continuiously been insured since November, 1984.

■ From appellants argument under his single point of error, we gather that an additional contention he makes on appeal is that the sale of the boat should have been found to be void as a matter of law because delivery of title was in violation of the Water Safety Act. Tex.Parks & Wild.Code Ann. § 31.001 (Vernon 1976). Appellant refers to sections of the Water Safety Act which require a dealer to apply for a certificate of title not later than twenty days after the date of the sale, and provides that a person does not acquire interest in a motorboat until a certificate of title has been issued in the name of the person. Tex.Parks & Wild Code Ann. §§ 31.046(b); 31.053(b).

We note that the language of the statute does not provide that violation of the Act renders a contract void. Also, the purpose of the Act is to promote recreational water safety for persons and to promote uniformity of laws relating to water safety. Tex. Parks & Wild.Code Ann. § 31.002. The Act provides that violations are punishable by fines. Tex.Parks & Wild.Code Ann. § 31.127; 12.406. Furthermore, the issue is similar to the question of whether a sale of a motor vehicle without compliance with the Certificate Title Act is valid between the parties. The certificate of Title Act provides that any sale that does not comply with the Act is void and no title shall pass until the act is complied with. Even in light of this provision, noncompliance with the Certificate of Title Act does not render the sale void *as between the parties. Phil Phillips Ford v. St. Paul Fire and Marine Insurance,* 465 S.W.2d 933, 937 (Tex.1971); *Cash v. Lebowitz,* 734 S.W.2d 396, 398 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Pfluger v. Colquitt,* 620 S.W.2d 739, 742 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). Accordingly, we hold that violations of the Water Safety Act did not render the sale void. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.

DORSEY, J., concurred and filed opinion.

DORSEY, Justice, concurring.

I concur in the affirmance of the judgment of the trial court. However, I do not find it is necessary to interpret the provisions of Chapter 31 of the Texas Parks and Wildlife Code, its relationship to the Certificate of Title Act, and Section 2.326 c and 2.403 b of the Texas Business and Com-

merce Code. Therefore, I do not join in the majority's interpretation of Chapter 31 of the Parks and Wildlife Code.

Appellant/plaintiff filed this action for damages based on violation of the Deceptive Trade Practices Act and breach of contract, both causes of action being founded upon misrepresentations by the defendant/appellee. There are no pleadings for rescission nor any allegations that the sale was void because of the failure of the seller to comply with Section 31 of the Texas Parks and Wildlife Code. Appellant's pleadings were never amended nor was leave sought to amend the pleadings, although the applicability of the provision of the code requiring certificate of title to be issued was argued before the trial court.

As those matters were not plead, and the trial court did not enter findings of fact or conclusions of law, I do not find it necessary to address the possible applicability of those acts.

After carefully reviewing the entire record, I do not find that the trial court's implied findings against appellant's pled causes of action were so against the great weight and preponderance of the evidence so as to be manifestly unjust.

The judgment is properly affirmed.