

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 11, 1990

Mr. Andrew Sansom
Executive Director
Texas Parks and Wildlife
  Department
4200 Smith School Road
Austin, Texas  78744

Opinion No.  JM-1219

Re:    Authority of the Parks
and  Wildlife  Department  to
accept an  affidavit in  lieu
of a certificate of title for
a boat  (RQ-2043)

Dear Mr. Sansom:

Your predecessor asked  us to render  an opinion about issuance of a new certificate of title for a motorboat  that is already  covered  by  a certificate  of  title  when  the applicant cannot produce the  existing certificate of  title endorsed by the transferor.   Specifically, you ask  whether the Parks and Wildlife Department may issue a certificate of title based on an affidavit in which the applicant  explains the missing certificate of title.

The  ownership  of  a  motorboat,  other  than  a   new motorboat, is evidenced by a certificate of title issued  by the   department.   Parks   and  Wildlife  Code  § 31.045.   A purchaser of a  motorboat must  apply for  a certificate  of title  not  later  than  20   days  after  the  sale.   <u>Id</u>. § 31.046(a).  An application for a certificate of title must be accompanied by information showing ownership and evidence establishing that the applicant is entitled to a certificate of title.  <u>Id</u>. § 31.047.

Section 31.053 of the  Parks and Wildlife Code  governs the transfer of motorboats.   Section 31.049(e) provides  as follows:

> <u>Title may be transferred only by surrender of the original certificate of title properly endorsed to show the transfer</u> or by  evidence of an  involuntary  transfer  as  defined  in Subdivision (5) of Subsection (a) of  Section 31.053, as amended.  (Emphasis added.)

<u>See also</u> Parks  and  Wildlife Code  § 31.053  (setting  out exclusive methods for transferring ownership of motorboats); Attorney General Opinion MW-458 (1982).  In other words,  if

the seller does not surrender the certificate of title to the purchaser, no transfer has occurred, at least insofar as the department is concerned. See Saulny v. RDY, Inc., 760 S.W.2d 813 (Tex. Ct. App.- Corpus Christi 1988, no writ). Therefore, in such circumstances, the department has no authority to issue a new certificate of title to the purchaser. Attorney General Opinion MW-458 (1982).

We note that the department is required to make regulations regarding replacement of lost, stolen, or mutilitated certificates of title. Id. § 31.051. If a certificate of title was not transferred because the original was lost, stolen, or mutilated, the transferor should seek a replacement certificate of title to transfer to the purchaser.

If the seller's certificate of title was lost, stolen, or mutilated after it was transferred to the purchaser, then the department would have authority to recognize the change in ownership. In order to issue a replacement certificate of title to the purchaser, the department would need sufficient evidence that the transfer of the certificate of title took place. See id. § 31.047. Your question, then, is whether the affidavit of the purchaser would be sufficient to show both that a transfer of the original certificate of title occurred and that the original was subsequently lost, stolen, or mutilated. Affidavits are included among the items that may serve as evidence that a person is entitled to a certificate of title for a motorboat. Id. § 31.047(c)(8). What constitutes sufficient proof in any particular circumstances is a fact question and is, in the first instance, a matter for the department to decide. We think it is unlikely, however, that an affidavit of the purchaser, with nothing more, would be sufficient evidence of the sales transaction to justify issuance of a certificate of title in the name of the purchaser.

### S U M M A R Y

Whether the Department of Parks and Wildlife may issue a replacement certificate of title for a motorboat depends on the facts of each case.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General