Mr. Andrew Sansom Executive Director Texas Parks and Wildlife Department 4200 Smith School Road Austin, Texas 78744
Re: Authority of the Parks and Wildlife Department to accept an affidavit in lieu of a certificate of title for a boat (RQ-2043)
Dear Mr. Sansom:
Your predecessor asked us to render an opinion about issuance of a new certificate of title for a motorboat that is already covered by a certificate of title when the applicant cannot produce the existing certificate of title endorsed by the transferor. Specifically, you ask whether the Parks and Wildlife Department may issue a certificate of title based on an affidavit in which the applicant explains the missing certificate of title.
The ownership of a motorboat, other than a new motorboat, is evidenced by a certificate of title issued by the department. Parks and Wildlife Code § 31.045 PARKS WILD. A purchaser of a motorboat must apply for a certificate of title not later than 20 days after the sale. Id. § 31.046(a). An application for a certificate of title must be accompanied by information showing ownership and evidence establishing that the applicant is entitled to a certificate of title. Id. § 31.047.
Section 31.053 of the Parks and Wildlife Code governs the transfer of motorboats. Section 31.049(e) provides as follows:
 Title may be transferred only by surrender of the original certificate of title properly endorsed to show the transfer or by evidence of an involuntary transfer as defined in Subdivision (5) of Subsection (a) of Section 31.053, as amended. (Emphasis added.)
See also Parks and Wildlife Code § 31.053 PARKS WILD (setting out exclusive methods for transferring ownership of motorboats); Attorney General Opinion MW-458 (1982). In other words, if the seller does not surrender the certificate of title to the purchaser, no transfer has occurred, at least insofar as the department is concerned. See Saulny v. RDY, Inc., 760 S.W.2d 813
(Tex.Ct.App.-Corpus Christi 1988, no writ). Therefore, in such circumstances, the department has no authority to issue a new certificate of title to the purchaser. Attorney General OpinionMW-458 (1982).
We note that the department is required to make regulations regarding replacement of lost, stolen, or mutilitated certificates of title. Id. § 31.051. If a certificate of title was not transferred because the original was lost, stolen, or mutilated, the transferor should seek a replacement certificate of title to transfer to the purchaser.
If the seller's certificate of title was lost, stolen, or mutilated after it was transferred to the purchaser, then the department would have authority to recognize the change in ownership. In order to issue a replacement certificate of title to the purchaser, the department would need sufficient evidence that the transfer of the certificate of title took place. See id. § 31.047. Your question, then, is whether the affidavit of the purchaser would be sufficient to show both that a transfer of the original certificate of title occurred and that the original was subsequently lost, stolen, or mutilated. Affidavits are included among the items that may serve as evidence that a person is entitled to a certificate of title for a motorboat. Id. § 31.047(c)(8). What constitutes sufficient proof in any particular circumstances is a fact question and is, in the first instance, a matter for the department to decide. We think it is unlikely, however, that an affidavit of the purchaser, with nothing more, would be sufficient evidence of the sales transaction to justify issuance of a certificate of title in the name of the purchaser.
 Summary
Whether the Department of Parks and Wildlife may issue a replacement certificate of title for a motorboat depends on the facts of each case.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General