**Angelia DEAN and James Harold Dean, Jr., Appellants,**

**v.**

**Rory Giles LOWERY and Giles Lowery, Appellees.**

**No. 09–96–269 CV.**

Court of Appeals of Texas, Beaumont.

Submitted May 29, 1997.

Decided Sept. 18, 1997.

---

William Drew Perkins, Lufkin, for appellants.

Clayton E. Dark, Jr., Lufkin, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

PER CURIAM.

This is an appeal from the granting of a summary judgment in favor of appellee Giles Lowery. The original lawsuit arose out of a motor vehicle collision which occurred on February 25, 1995, when a vehicle operated by Rory Giles Lowery collided with a vehicle driven by James Harold Dean, Jr., and occupied by Angelia Dean (plaintiffs below).

Appellants initially filed suit against Rory Giles Lowery, alleging negligence in the operation of a motor vehicle which proximately caused the collision in question; and against Rory Giles Lowery's father, Giles Lowery, as the alleged owner of the vehicle, claiming liability under the doctrine of negligent entrustment. Thereafter, appellants settled with Rory Lowery, executed a Release and Indemnity Agreement, and filed a Motion for Non–Suit as to Rory Lowery. An Order of Dismissal was subsequently entered as to Rory Lowery. Following the entry of the Order of Dismissal as to Rory Lowery, Giles Lowery, defendant/appellee, filed a cross-action against Rory Lowery for contribution and indemnity for all sums which may be recovered by appellants. In addition, Giles Lowery filed a motion for summary judgment as to claims asserted by appellants/plaintiffs, which was denied. Giles Lowery subsequently filed a second motion for summary judgment as to claims asserted by appellants/plaintiffs, which was granted. Plaintiffs then timely filed this appeal.

A trial court may grant a summary judgment only if the movant establishes, as a matter of law, that no genuine issue of fact with respect to one or more of the essential elements of the non-movant's cause of action exists. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); TEX.R. CIV. P. 166a(c). We review the evidence in the light most favorable to the nonmovant, accept all of the nonmovant's factual assertions as true, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). In the instant case, the trial court did not specify the ground or grounds relied upon for making its ruling. Therefore, we will affirm the judgment if any of the theories advanced by the movant are meritorious. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

In their first point of error, appellants argue the trial court erred in granting summary judgment in favor of appellee because the certificate of title, showing ownership of the vehicle in appellee, raised a presumption which, in itself, required a factual determination by a jury. The name on a certificate of title is not conclusive of ownership; however, it does create a rebuttable presumption that the named owner is the actual owner of the vehicle. *Pioneer Mut. Compensation Co. v. Diaz*, 142 Tex. 184, 177 S.W.2d 202, 204 (Tex.1944); *Villa v. Alvarado State Bank*, 611 S.W.2d 483, 485 (Tex.Civ. App.—Waco 1981, no writ). The effect of a presumption is to shift the burden of producing evidence to the party against whom it operates. *See General Motors Corp. v. Saenz on Behalf of Saenz*, 873 S.W.2d 353, 359 (Tex.1993). Once evidence contradicting the presumption has been offered, the presumption disappears and thereafter is not weighed or treated as evidence. *Id.* The facts supporting the presumption remain in evidence and can support any inferences that may be reasonably drawn from them. *Id.*

Although evidence was presented to rebut the presumption of ownership created by the certificate of title, the issue of ownership remains unresolved. This evidence consisted of affidavits of appellee and Rory Lowery along with exhibits supporting the testimony made in the affidavits. The evidence shows that in February of 1992, appellee bought a Ford pickup truck for his son's use. The title to the truck, insurance coverage, and note financing the vehicle were all in the name of appellee. On December 16, 1994, in an effort to convey the vehicle to his

son, appellee executed a bill of sale and a power of attorney to transfer ownership of the vehicle. The indebtedness owed on the vehicle had not been paid at that time and remained under the appellee's name. Insurance coverage on the vehicle was issued under Rory Lowery's name; appellee, however, remained as the named owner on the certificate of title.

In Texas, the transfer of title to a motor vehicle upon a sale is regulated by the Texas Certificate of Title Act. TEX.REV.CIV. STAT. ANN. art. 6687–1, *et seq.* (Vernon 1977 & Supp.1995).[1] The Certificate of Title Act strictly forbids the sale of a motor vehicle without compliance of the Act. As stated in the statute:

> No motor vehicle may be disposed of at a subsequent sale *unless the owner designated in the certificate of title transfers the certificate of title, at the time the motor vehicle is transferred,* on a form prescribed by the Department. This form shall include ... a statement to the effect that the signer is the owner of the motor vehicle, and that there are no liens on the motor vehicle, except such as shown on the certificate of title or are fully described in the statement. No title to any motor vehicle shall pass or vest until the transfer is so executed. (emphasis added)

TEX.REV.CIV. STAT. ANN. art. 6687–1, § 33 (Vernon Supp.1995). A sale made in violation of the Act is void and title may not pass until the requirements of the Act are satisfied. TEX.REV.CIV. STAT. ANN. art. 6687–1, § 53 (Vernon 1977).

■ Texas courts have frequently recognized that a sale of a vehicle without the transfer of a certificate of title is valid "as between the parties, when the purposes of the Certificate of Title Act are not defeated, although the Act declares that the non-transfer of such certificates renders the sale void." *Cash v. Lebowitz,* 734 S.W.2d 396, 398 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Najarian v. David Taylor Cadillac,* 705 S.W.2d 809, 811 (Tex.App.—Houston [1st Dist] 1986, no writ). The legislative history of the Act, passed originally in 1939, reflects:

> [T]he purpose of the Act was to replace the previous method of transferring vehicles by *bill of sale* with a Certificate of Title Act administered by one central statewide agency. The change was believed necessary to prevent the sale of stolen vehicles and to protect a lienholder's security interest from defeasance. (emphasis added)

*Drake Ins. Co. v. King,* 606 S.W.2d 812, 815 (Tex.1980). The Lowerys made the attempted transfer by bill of sale instead of complying with the statutory requirements of transferring title. Thus, it is questionable as to whether the transfer of ownership was valid under the Certificate of Title Act.

■ A summary judgment may be based on uncontroverted testimony of an interested witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c). The affidavits of appellee and Rory Lowery show the intent of the parties to transfer ownership of the truck. However, self-serving statements of an interested witness as to intent are not readily controvertible and thus are not proper summary judgment evidence.

■ Nor does proof of insurance conclusively establish ownership; it is merely evidence. As the "named insured," Rory Lowery obtained insurance for the truck. However, it is well settled in Texas that it is not necessary for a party to own property to have an insurable interest in that property. *Smith v. Eagle Star Ins. Co.,* 370 S.W.2d 448, 450 (Tex.1963); *Jones v. Texas Pacific Indem. Co.,* 853 S.W.2d 791, 794 (Tex.App.—Dallas 1993, no writ). An insurable interest exists when the insured "derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction." *Id.* Clearly, Rory Lowery had such an interest. He had use and possession of the vehicle and allegedly had been making payments toward the note.

1. Repealed by Act of May 23, 1995, 74th Leg., R.S., ch. 24(a), 1995 Tex. Gen. Laws 1870 (current version at TEX. TRANSP. CODE ANN §§ 501.001 *et seq.* (Vernon 1997))..

Therefore, indulging every reasonable inference and resolving all doubts in favor of the non-movant, appellee has not established, as a matter of law, that he was not the owner of the vehicle on the date of the accident. The evidence is ambiguous and legally inconclusive. As such, the determination of ownership is a fact issue which plaintiffs are entitled to have submitted to a jury. *See, e.g., Jacobini v. Hall,* 719 S.W.2d 396, 398–399 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Minter v. Joplin,* 535 S.W.2d 737, 739 (Tex.Civ.App.—Amarillo 1976, no writ); *Arias v. Aguilar,* 515 S.W.2d 313, 315 (Tex.Civ. App.—Corpus Christi 1974, no writ). Point of error one is sustained.

In point of error two, appellant's contend that the trial court erred in granting a summary judgment for appellee because if appellee did transfer title of the vehicle to his son, a fact issue exists as to whether such an act, at the time it was performed, constituted negligence. Since we have determined that a fact issue exists as to ownership of the vehicle, we need not review this contention.

In point of error three, appellants urge that the settlement by plaintiffs with defendant Rory Lowery does not prohibit the continuation of plaintiff's claim against appellee. Appellee replies by asserting that the summary judgment evidence establishes that the Southern County Mutual Insurance Company insured Rory Giles Lowery as the named insured and owner of the vehicle and that having received the benefit of the settlement funds from Southern County Mutual appellants are estopped to assert that Rory Giles Lowery was not the owner of the vehicle. Appellee is incorrect in his statement that Rory Lowery is the "named owner" under the insurance policy. The policy merely exhibits Rory Lowery as the "named insured." As discussed prior, proof of insurance coverage is not proof of ownership, it is merely evidence of ownership. Thus, since the existence of insurance coverage does not prove ownership, appellee's argument is without merit.

Under Texas law, the settlement with one tort-feasor does not bar plaintiffs claim against a second tort-feasor. A release fully discharges only those tort-feasors

named or otherwise are specifically identified in the release. *McMillen v. Klingensmith,* 467 S.W.2d 193, 196 (Tex.1971). "The rule is a simple one. Unless a party is named in a release, he is not released." *Id.* In this case, the release does not name appellee, nor does it provide some specific description of appellee's connection to the event. Thus, the settlement agreement with Rory Lowery does not bar appellants from pursuing their claim against appellee. Appellant's third point of error is sustained.

The summary judgment proof does not establish, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. Therefore, we conclude the summary judgment was improperly granted. For reasons set forth in this opinion, we reverse and remand for a trial on the merits.

REVERSED and REMANDED.