

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00422-CV

**MARY SUE SAUCEDA,**

**Appellant**

**v.**

**QUALITY MOTORS d/b/a QUALITY AUTOMOTIVE,**

**Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D18-27077-CV**

## MEMORANDUM OPINION

This case involves a negligent-entrustment claim against a car dealership that retained the certificate of title to a vehicle involved in a head-on collision. In one issue, appellant, Mary Sue Sauceda, challenges the trial court's judgment granting a motion for summary judgment filed by appellee, Quality Motors d/b/a Quality Automotive ("Quality Motors"). Sauceda argues that the trial court's ruling on the motion for summary judgment should be reversed because Quality Motors negligently entrusted the

vehicle to Danna Zertuche-Yanez, the other driver in the head-on collision, as a matter of law. We affirm.

## Factual & Procedural Background

On March 17, 2017, Zertuche-Yanez signed a Motor Vehicle Retail Installment Contract and Delivery and Acceptance Agreement with Quality Motors to take possession of a red 2008 Mazda M3I. The Delivery and Acceptance Agreement included a provision whereby Zertuche-Yanez acknowledged that she could not sell the vehicle, leave it in someone else's care, or encumber it in any way without the express, written consent of the dealership. Pursuant to the Retail Installment Contract, Zertuche-Yanez agreed to pay $674.81 for plates and registration, make a $1,500 down payment, and then make $200 installment payments every two weeks beginning on March 25, 2017, until she paid off the vehicle. Zertuche-Yanez also completed an Application for Texas Title and Registration at that time. Thereafter, she took possession and control of the vehicle, and Quality Motors submitted the application for title to the Texas Department of Motor Vehicles for processing.

On April 12, 2017, approximately a month after she purchased the car, Zertuche-Yanez was involved in a head-on collision with Sauceda. Zertuche-Yanez was traveling southbound on N.W. County Road 170 in Navarro County, Texas, and Sauceda was traveling northbound. According to Sauceda, Zertuche-Yanez drove the Mazda into the middle of the road while following a curve and struck Sauceda's 2007 Ford Fusion,

causing significant damage to Sauceda's vehicle along with serious personal injuries. Zertuche-Yanez was current on her bi-weekly installment payments at the time of the accident.

Sauceda filed suit against Zertuche-Yanez and Quality Motors on several negligence theories. In support of her negligent entrustment theory against the dealership, Sauceda filed a traditional motion for partial summary judgment asking the trial court to find, as a matter of law, that Quality Motors: (1) retained ownership of the Mazda at the time of the collision; and (2) had a duty to ensure Zertuche-Yanez was a licensed and competent driver and that they breached that duty.

Quality Motors filed a reply to Sauceda's motion and then filed its own traditional motion for summary judgment asking the trial court to find, as a matter of law, that Quality Motors did not: (1) own or control the vehicle at the time of the accident; and (2) have a duty to ensure that Zertuche-Yanez was licensed when it sold the vehicle to her. Quality Motors also asked the trial court to enter summary judgment in its favor on Sauceda's claims of negligent training, negligence per se, and gross negligence.

After a hearing, the trial court denied Sauceda's summary-judgment motion and granted Quality Motors's cross-motion for summary judgment.[1] Subsequently, Sauceda

---

[1] Although the trial court conducted a hearing on the parties' competing motions for summary judgment, appellant did not make arrangements for the reporter's record to be filed in this Court.

settled her claims against Zertuche-Yanez and filed a notice of non-suit as to Zertuche-Yanez only. This appeal followed.

## Issue One

In her sole issue on appeal, Sauceda contends that the trial court improperly granted Quality Motors's traditional motion for summary judgment on her negligent-entrustment claim.[2]

### APPLICABLE LAW

We review a trial court's summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we review all of the summary judgment evidence, determine all issues presented, and render the judgment the trial court should have. *See id.*; *see also Palasota v. Doron*, No. 10-16-00326-CV, 2018 Tex. App. LEXIS 3098, at **6-7 (Tex. App.—Waco May 2, 2018, no pet.) (mem. op.).

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

---

[2] On appeal, Sauceda does not challenge the trial court's grant of summary judgment in favor of Quality Motors on Sauceda's negligent training, negligence per se, and gross-negligence claims. Consequently, we do not address those causes of action here. *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) (cautioning that, absent fundamental error, appellate courts should refrain from deciding cases on legal errors not assigned by the parties).

A defendant who conclusively negates a single essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010). Consequently, if any one of the grounds for summary judgment are meritorious, we must affirm the summary judgment. *Tex. Workers' Compensation Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

The elements of negligent entrustment are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed; (4) who was negligent on the occasion in question; (5) and whose negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987) (internal citations omitted); *Williams v. Parker*, 472 S.W.3d 467, 472 (Tex. App.—Waco Aug. 27, 2015, no pet.).

A plaintiff must ordinarily establish that a defendant owned the vehicle in question to recover for negligent entrustment. *Dean v. Lowery*, 952 S.W.2d 637, 639 (Tex. App.—Beaumont 1997, writ denied). To determine ownership for negligent entrustment purposes, the law creates a rebuttable presumption that the person named on the certificate of title is the owner of the vehicle. *Id.* (citing *Pioneer Mut. Compensation Co. v. Diaz*, 177 S.W.2d 202, 204 (Tex. 1944)). However, several factors may rebut the presumption, including payment of consideration, possession, care, management, claim of ownership, exercise of control, and the power to dispose of the vehicle. *See Jacobini v. Hall*, 719 S.W.2d 396, 400 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.). That a party is

the named insured on insurance covering the vehicle is also evidence of ownership, though not conclusive evidence of that fact. *Dean*, 952 S.W.2d at 640.

Furthermore, if a conflict exists between (a) ownership as established by a complete transfer of possession and a contract of sale and (b) ownership as established by the certificate of title, the former prevails. *See Hudson Buick v. Gooch*, 7 S.W.3d 191, 198 (Tex. App.—Tyler 1999, pet. denied) (concluding that section 2.401(b) of the Texas Business and Commerce Code controls over the Certificate of Title Act's provision that purports to void the sale of an automobile absent the transfer of the certificate of title[3]); *see also* TEX. BUS. & COMM. CODE § 2.401(b) (title passes to the buyer at the time and place at which the seller physically delivers the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place).

**ANALYSIS**

Based on the pleadings, the only two grounds upon which the trial court could have rendered summary judgment in favor of Quality Motors for the negligent-entrustment claim are as follows: (1) Quality Motors did not own or control the vehicle at the time of the accident; or (2) Quality Motors did not have a duty to ensure that Zertuche-Yanez was licensed when it sold her the vehicle.

---

[3] The relevant provision of the Certificate of Title Act is section 501.071(a) of the Texas Transportation Code, which provides, "a motor vehicle may not be the subject of a subsequent sale unless the owner designated on the title submits a transfer of ownership of the title." TEX. TRANSP. CODE § 501.071(a).

The first ground in Quality Motors's summary-judgment motion clearly addresses the first element of a negligent-entrustment claim (i.e., the ownership element). It is undisputed that Quality Motors held naked legal title[4] to the Mazda to retain its security interest in same. This fact created a presumption that Quality Motors owned the vehicle. However, Quality Motors presented the trial court with uncontroverted evidence to rebut this presumption of ownership, including:

- Zertuche-Yanez's deposition testimony, confirming that on March 17, 2017, per her understanding, she *bought* the 2008 Mazda M3I and took possession of same without any intention of relinquishing possession of the vehicle to Quality Motors;

- An affidavit of Jose Recinos, owner of Quality Motors, confirming that on March 17, 2017, Zertuche-Yanez completed the paperwork necessary to complete Quality Motors' sale of the vehicle to her;

- The deposit slip from Quality Motors memorializing Zertuche-Yanez's payment of consideration for the vehicle;

- The relevant installment contract, listing Zertuche-Yanez as the buyer;

- Zertuche-Yanez's completed application for Texas title and registration; and

- Zertuche-Yanez's proof of insurance, listing the Mazda as a covered vehicle prior to the accident;

And, although the Delivery and Acceptance Agreement prohibited Zertuche-Yanez from selling the vehicle, leaving it in someone else's care, or encumbering it in any way without

---

[4] A seller who holds "naked legal title" is one who retains a certificate of title as a security interest in a vehicle but has delivered the control and possession of the vehicle to another and accepted part payment upon the agreed purchase price. *See Rush v. Smitherman*, 294 S.W.2d 873, 878 (Tex. Civ. App.— San Antonio 1956, writ ref'd). The authority over the use of the vehicle remains in the beneficial owner as opposed to the naked legal title holder. *Id*. at 876.

the express, written consent of the dealership, we conclude that Quality Motors presented sufficient evidence to rebut the presumption of ownership at summary judgment, notwithstanding this limitation on Zertuche-Yanez's control over the vehicle. *See Gooch*, 7 S.W.3d at 196 (concluding that because no facts were in dispute as to the sale of the vehicle in question, the ownership issue was a question of law which the trial court erred in submitting to the jury).

Furthermore, Zertuche-Yanez was not an agent or bailee of Quality Motors but was a purchaser. *See Rush v. Smitherman*, 294 S.W.2d 873, 878 (Tex. Civ. App.—San Antonio 1956, writ ref'd) (finding no authority to support the idea that a seller should be held liable in tort for his *purchaser* under a contract to sell). Thus, when the accident occurred, Quality Motors, as the naked title owner of the vehicle, had no right to possess or control the car such that it should be held liable for allegedly negligently entrusting it to Zertuche-Yanez. *See id*. ("The Certificate of Title Act was never intended to enlarge the tort liability of . . . the naked title owner of [a] vehicle."). Having found that Quality Motors, as a matter of law, did not own the vehicle in question, we overrule Sauceda's sole issue on appeal.

**Conclusion**

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Wright[5]
*(Chief Justice Gray dissenting with a note)
Affirmed
Opinion delivered and filed August 25, 2021
[CV06]

*(Chief Justice Gray dissents. A separate opinion will not issue. Chief Justice Gray notes, however, that Quality Motors exercised significant control over the vehicle by limiting its use and operation to a person it knew was an unlicensed driver. This is not a situation in which the vehicle was sold and the only interest retained in the vehicle was a security interest, a lien, that Quality Motors sought to protect by holding the title to the vehicle. Whether Quality Motors attempted to protect its lien interest but made no effort to protect the motoring public by limiting use of the vehicle, that it owned and for which it exercised its right to control the use and operation of, to be driven only by a licensed driver is a fact question. Summary judgment in favor of Quality Motors should not have been granted to either party. Because the Court affirms the trial court's judgment which granted summary judgment to Quality Motors, Chief Justice Gray respectfully dissents.)



---

[5] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.