■ NICHOLAS PILATO, Respondent, v NASSAU INSURANCE COMPANY, Appellant. — In an action, *inter alia,* to recover on an automobile insurance policy, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered December 3, 1979, which, after a nonjury trial, is in favor of plaintiff. Judgment reversed, on the law, and new trial granted in accordance herewith, with costs to abide the event. We agree with the trial court's conclusion that the insurance policy could not be rescinded *ab initio* because of an alleged material misrepresentation by the plaintiff. An automobile insurance policy may be canceled only pursuant to the procedures set forth in section 313 of the Vehicle and Traffic Law (see *Teeter v Allstate Ins. Co.,* 9 AD2d 176). A new trial is required, however, because the Trial Judge failed to properly determine whether the plaintiff had sustained his burden of proving that the insured vehicle, a Mack tractor, had been stolen. At the trial, the plaintiff testified that he had seen the vehicle when he drove by its usual parking space on the afternoon of July 13, 1978; the tractor was missing when he returned the following morning. The plaintiff's trial testimony differed, in significant respects, from earlier statements which he submitted to the defendant, and from his testimony during an examination before trial. Furthermore, plaintiff's employee, Kenneth Goya, who was the last person to operate the vehicle, was not called to testify, although he was available. The Trial Judge, nonetheless, expressed his belief that the "only issue in this case is whether [the plaintiff] made a false representation at the time the policy was issued." Later in denying the defendant's motion to dismiss for failure to make out a prima facie case, the Judge stated that the plaintiff had reported the theft "to the police, and that's all he has to do." The court's written decision makes no mention of the issue of whether the plaintiff had sustained his burden of proving theft. We conclude, contrary to the Trial Judge's expressed opinion, that a viable issue of fact was presented as to the theft. Because a resolution of this issue rests in large part on the credibility of witnesses, a new trial is required (see *Walden v Walden,* 41 AD2d 664). At the new trial, both parties will also be afforded the opportunity to present evidence on the question of damages. The proof of damages at this trial was, to say the least, rather sparse. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.