(October 21, 1985)

■ A-DRIVE CORPORATION, Respondent, v GENERAL ACCIDENT

GROUP, Appellant, and VANDERVEER PARKING CORP. et al., Respondents.—In an action, *inter alia,* to recover on an automobile insurance policy, defendant General Accident Group appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Wager, J.), entered May 9, 1984, as denied its cross motion to amend its answer and for summary judgment against all parties.

Judgment affirmed, insofar as appealed from, with one bill of costs.

Defendant General Accident Group sought to amend its answer to add two affirmative defenses: (1) that its insured, defendant Aquila, had no insurable interest in the car leased by defendant Vanderveer Parking Corp. from plaintiff which was subsequently stolen and (2) that it was entitled to rescind the insurance contract *ab initio* due to Aquila's misrepresentation of himself as the owner of the car. Aquila signed the lease as the president of Vanderveer and executed a separate personal guarantee of its performance, thus accepting the risk of personal liability in the event of default by Vanderveer. Both as the guarantor under the lease and as the permissive user in possession, Aquila therefore acquired an insurable interest in the car (Insurance Law § 3401, formerly Insurance Law § 148; *Scarola v Insurance Co., 31 NY2d 411*).

General Accident Group's rescission argument also fails since an automobile insurance policy cannot be terminated in a manner other than that prescribed by Vehicle and Traffic Law § 313 *(Pilato v Nassau Ins. Co., 79 AD2d 971).* Furthermore, General Accident Group has failed to establish the materiality of Aquila's misrepresentation of ownership since it has never argued or asserted that, had it known of the car's true ownership, it would not have issued the policy (Insurance Law § 3105 [b], formerly Insurance Law § 149 [2]).

There being no merit to General Accident Group's proposed amendments to its answer, Special Term was correct in denying its cross motion *(see, Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512).* Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.