OPINION OF THE COURT
Alan A. Bergstein, J.
On December 13, 1990 Melva Hilton, plaintiff’s aunt, con- *372 traded with Potamkin Toyota Corp. to purchase a 1991 Corolla sedan for the total sum of $13,109.42. The purchase price was payable $1,000 cash on execution of the contract of sale, and $12,109.42 in installment payments of $293.08.
The contract provided for execution by "co-buyers and other owners”. The plaintiff executed the contract in the place provided for the cobuyer and other owner.
Plaintiff thereafter procured an owner’s policy of liability insurance in her own name from defendant, Interboro Mutual Indemnity Insurance Company (Interboro), through defendant, Petrocelli & Prestí, Inc. (Petrocelli). The vehicle was thereafter registered in the name of plaintiff. The certificate of title, issued by the New York State Department of Motor Vehicles, was issued in the name of Melva Hilton only.
Plaintiff alleges that she not only paid the installments due for the purchase of the vehicle, as well as installment payments for the liability insurance policy, but that the vehicle was purchased exclusively for her own use and employment needs.
The vehicle was thereafter involved in an accident wherein it was totally damaged beyond repair.
Plaintiff has made claim for the value of the vehicle, which defendant, Interboro, has denied, asserting that plaintiff has no insurable interest in the vehicle because Melva Hilton is the titleholder. (Insurance Law § 3401.)
Plaintiff has also sued Petrocelli alleging negligence on its part in placing the risk with defendant, Interboro, and in not placing the insurance in the proper name.
Defendant, Interboro, moves for summary judgment dismissing the complaint; plaintiff cross-moves against defendant, Interboro, for the relief demanded in its complaint. The parties cite two cases decided by the Appellate Division, Second Department, which reach dramatically opposite conclusions.
The defendant, Interboro, cites Silberman v Royal Ins. Co. (184 AD2d 562). This case holds that notwithstanding the payment of the purchase price and insurance premiums by plaintiff, these acts do not give rise to any equitable or other interest (including an "insurable interest”) within the meaning of section 3401 of the Insurance Law. It was conceded that the vehicle, which was stolen, was owned solely by plaintiff’s wife.
The plaintiff argues that A-Drive Corp. v General Acc. Group *373 (114 AD2d 430) establishes precedent for a finding that she had an insurable interest in the 1991 Toyota, covered by the policy issued to her by Interboro.
In A-Drive (supra), the defendant insurer alleged that its insured, the president of the lessee corporation, had no insurable interest in the vehicle, which had been stolen. In affirming the lower court, the Appellate Division held that the president’s individual guarantee of the lease, accepting the risk of personal liability, coupled with his use of the vehicle, conferred on him an insurable interest in said vehicle. (Citing Scarola v Insurance Co., 31 NY2d 411.)
This court finds that the plaintiff had an insurable interest in the subject Toyota. An insurable interest is defined in section 3401 of the Insurance Law as "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary loss.” "An 'insurable interest’ is sui generis, and peculiar in its texture and operation.” (Scarola v Insurance Co., supra, at 413.) In National Superlease v Reliance Ins. Co. (123 AD2d 608), the Court held that if the party has such a connection to the automobile that he/she will suffer a pecuniary loss from its destruction then the party has an insurable interest.
In the present case, clearly plaintiff suffered a pecuniary loss from the Toyota’s destruction. The plaintiff executed the purchase contract as the "other owner.” This act resulted in the plaintiff’s pledge of her credit for the payment of the deferred portion of the purchase price of $12,109.42. Additionally, plaintiff states that she was the operator of said vehicle, a claim uncontroverted by the defendant, Interboro.
The instant case is distinguishable from Silberman (supra). In that case the plaintiff conceded that he was not the owner of the automobile. Here, the plaintiff claims to be the "other owner” of the automobile. Consequently, Interboro’s denial of payment of plaintiff’s claim for the damage to the Toyota was improper.
Based upon the foregoing, plaintiff’s cross motion for summary judgment is granted for the relief demanded in the complaint. Defendant Interboro’s motion for summary judgment is denied.
Defendant Interboro’s cross claim against defendant, Petrocelli & Prestí, Inc., is severed.