■ DENISE TAYLOR, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [624 NYS2d 644] —In an action to recover the proceeds of an automobile insurance policy the defendant appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated December 10, 1993, as granted the plaintiff's motion to dismiss its first affirmative defense and (2) from an order of the same court, entered April 1, 1994, which granted the plaintiff's motion for a protective order vacating the defendant's notice to take the deposition of a nonparty lienholder.

Ordered that the order dated December 10, 1993, is affirmed, insofar as appealed from; and it is further,

Ordered that the order entered April 1, 1994, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff and her son purchased a 1991 Mitsubishi motor vehicle. The purchase contract provided that a 1984 Blazer registered in the plaintiff's name, but with title in her son's name, would be traded in, and that the plaintiff would obtain an automobile loan from Citibank. Since the plaintiff did not have sufficient earnings to obtain financing, her son executed a retail installment contract and security agreement with Citibank as "buyer" and the plaintiff executed the agreement as "registrant".

Allstate issued an amendment to the plaintiff's insurance policy adding the Mitsubishi in place of the Blazer. Allstate also issued an FS-20 to the plaintiff and she transferred the plates from the Blazer to the Mitsubishi. The vehicle was registered in the plaintiff's name and she had the exclusive right to use and possess the car.

Thereafter, the vehicle was allegedly stolen. After an investigation, Allstate denied coverage, *inter alia,* on the grounds that the plaintiff did not have an insurable interest in the vehicle because title was in her son's name.

Insurance Law § 3401, provides as follows: "No contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an *insurable interest* in the property insured. In this article, 'insurable interest' shall include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage" (emphasis supplied).

A legal or equitable interest in the property insured is not necessary to support an insurable interest. It is "enough if the assured is so situated as to be liable to loss if it be destroyed by the peril insured against * * * as will cause the insured to sustain a direct loss from its destruction [so] * * * that a loss of the property will cause pecuniary damage to the holder of the right against it" *(National Filtering Oil Co. v Citizens' Ins. Co.,* 106 NY 535, 541; *see also, Scarola v Ins. Co. of N. Am.,* 31 NY2d 411).

In the case at bar the plaintiff had an insurable interest insofar as she was the sole possessor and user of the subject vehicle. In addition, the plaintiff was a signatory, as registered owner, on a security agreement and may be financially liable under the terms of the agreement supporting her claim that she has an insurable interest in the automobile *(see, Scarola v Ins. Co. of N Am., supra; see also, A-Drive Corp. v General Acc. Group,* 114 AD2d 430). We need not determine under the facts of this case whether either the right to use or the right to possess alone is sufficient to create an insurable interest.

In consideration of the foregoing, the defendant's contention that the court erred in granting the plaintiff's motion for a protective order, as well as the defendant's remaining contentions, are without merit. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.