OPINION OF THE COURT
Carol R. Edmead, J.
On April 20, 1999 Michael T. Creech purchased a Honda motorcycle with money he borrowed from plaintiff, BPD International Bank. Plaintiff has a perfected security interest and lien upon the vehicle. While title to the vehicle was in Michael T. Creech’s name, the vehicle was registered to William *292 L. Creech, Michael T. Creech’s younger brother. The registration application lists Michael T. Creech as the owner.
Upon William L. Creech’s application, defendant New York Central Mutual Insurance Company issued a comprehensive casualty insurance policy covering the vehicle. In the application Michael T. Creech is listed as the owner. The application also indicated that William L. Creech would have 100% use of the vehicle and Michael T. Creech would have 0% use of the vehicle. Plaintiff is the named loss payee on the policy.
In the beginning of September 1999, at a time when the aforementioned insurance policy was in full force and effect, the motorcycle was stolen. A timely filed claim with defendant was denied on the grounds that William L. Creech did not have an insurable interest in the vehicle. After the theft of the vehicle, Michael T. Creech defaulted on the loan agreement with plaintiff and plaintiff, as the named loss payee on the policy, commenced this action against defendant to recover on the policy.
Defendant now moves for summary judgment on the ground that since William L. Creech does not have an insurable interest in the vehicle, plaintiff cannot recover on the policy. Plaintiff cross-moves for summary judgment on the grounds that since none of the elements of its cause of action are in question except for the issue of William L. Creech’s insurable interest in the vehicle and that since he in fact does have an insurable interest in the vehicle, plaintiff is entitled to summary judgment.
While an insurance policy is not enforceable unless the insured has an insurable interest in the property insured (Insurance Law § 3401), an interest, legal or equitable, in the property is not necessary to support an insurable interest in the property. “In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against. Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance, and any interest which would be recognized by a court of law or equity is an insurable interest.” (Scarola v Insurance Co., 31 NY2d 411, 413 [1972] [internal quotation marks omitted].)
In Taylor v Allstate Ins. Co. (214 AD2d 610 [2d Dept 1995]), the Court faced a situation similar to the one at bar. Title to *293 the vehicle was in the son’s name but the registration was in the mother’s name. The son obtained an auto loan and executed a retail installment contract and security agreement as buyer and the mother executed the agreement as “registrant.” The mother had sole use and possession of the vehicle.
The Court found: “In the case at bar the plaintiff [mother] had an insurable interest insofar as she was the sole possessor and user of the subject vehicle. In addition, the plaintiff [mother] was a signatory, as registered owner, on a security agreement and may be financially liable under the terms of the agreement supporting her claim that she has an insurable interest in the automobile.” (Taylor, supra at 611.) Thus the Court found that being the sole possessor and user of the vehicle was sufficient to create an insurable interest.
In the instant case, defendant argues that Taylor (supra) is distinguishable because there the mother was also “a signatory * * * [to] a security agreement and [faced] financial liability] under the terms of the agreement.” (Taylor at 611.)
However, the Taylor Court clearly states that the mother has an insurable interest because “she wás the sole possessor and user of the subject vehicle.” (Taylor at 611.) The Court then points out that “in addition” there is another factor that could be considered in determining whether there is an insurable interest, that is, her liability under the security agreement.
Moreover, the Taylor Court stated that the mother “may be financially liable under the terms of the agreement.” (Taylor at 611.) If the Court was relying on financial liability to establish the insurable interest and not willing to find an insurable interest without it, the Court would have resolved the liability issue to a certainty before raising it “in addition.”
However, assuming, arguendo, that the Court left this issue of whether being the sole possessor or the sole user of the vehicle created an insurable interest unresolved, this court takes the view that sole possession and sole use does create an insurable interest. After all, “The general policy problem underlying the concept of ‘insurable interest’ essentially is whether an insured, having no real economic interest in the subject, is actually making a wagering contract.” (Scarola at 413.) Since the insured has sole use and possession of the vehicle, he has enough to lose so that it is not simply a wagering contract.
The court also notes that a Texas appellate court using the same standard for insurable interest, to wit: “the insured ‘derives pecuniary benefit or advantage by the preservation *294 and continued existence of the property or would sustain pecuniary loss from its destruction,’ ” states that “clearly” the person having use and possession has an insurable interest. (Dean v Lowery, 952 SW2d 637, 640 [Tex App 1997].)
For the reasons stated above, this court concurs with the Texas court.
Accordingly, defendant’s motion for summary judgment is denied and plaintiffs cross motion for summary judgment on the issue of liability is granted. An assessment hearing on the issue of damages is directed and judgment shall then be entered in favor of plaintiff for the amount found upon the assessment.