■ DONALD K. ZUCKERMAN et al., Appellants, v DONNAL ALTMAN et al., Respondents. (Action No. 1.) 64 NORTH MOORE ASSOCIATES, Respondent, v WASH-MOORE, INC., et al., Appellants. (Action No. 2.) [606 NYS2d 668] —Order and judgment (one paper) of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 20, 1993, which granted a motion of the defendants in Action No. 1 and plaintiff in Action No. 2 to confirm the Referee's report, denied a cross-motion to reject the report, granted plaintiffs in Action No. 1 a total judgment of $78,051.98 in return for conveyance of the subject premises to the defendants in Action No. 1, and dismissed the complaint in Action No. 2, with related relief, unanimously affirmed, with costs.

The decision of the Referee, who had broad fact finding and equitable power by stipulation of the parties, is well founded and there is no reason to usurp the Referee's role as arbiter of fact and credibility (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705). Since the parties' expert witnesses agreed to value the subject commercial space according to its highest and best use, the value was to be determined on the basis of "the state of exploitation to which [the property] had progressed" at the time of valuation (Matter of City of New York [Chestnut Props. Co.], 39 AD2d 573, affd 34 NY2d 800). The Referee properly rejected the contention that the highest and best use of the space would have been as a nightclub, which operation was virtually impossible in the face of community opposition and the unlikelihood of obtaining a liquor license.

We have considered the remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.