■ H.B. SINGER, INC., Respondent, v MISSION NATIONAL INSURANCE COMPANY, Appellant, et al., Defendants. [636 NYS2d 316] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about October 5, 1994, which, *inter alia,* confirmed a Referee's report finding that plaintiff's claim for a fire loss is covered by the policy in question, unanimously affirmed, with costs.

There is no merit to defendant's insurer's contention that plaintiff was under a duty to disclose certain information and prior history regarding the premises. The evidence offered by defendant on the issue of materiality as to the particular facts was discredited by the Referee, a finding that defendant does not appear to challenge on appeal. Even assuming materiality, nondisclosure of a fact concerning which the applicant has not been asked does not ordinarily void an insurance policy absent an intent to defraud (*Sebring v Fidelity-Phenix Fire Ins. Co.,* 255 NY 382, 386-387; *see also, Sun Ins. Co. v Hercules Sec. Unlimited,* 195 AD2d 24, 30; *Boyd v Otsego Mut. Fire Ins. Co.,* 125 AD2d 977). Defendant argues that such fraudulent intent should be found here based on materiality so patent that it should have been recognized without inquiry, but the Referee found to the contrary, on the ground that the information was readily ascertainable, and we find no reason to disturb that determination (*see, Zuckerman v Altman,* 200 AD2d 520). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.