■ Maski, Inc., Doing Business as Katherine's Restaurant, Respondent, v Walter Kaye, Inc., Corporation of Rhode Island, Defendant, Reliance Insurance Company of New York, Respondent, and P. Richard Gunzel et al., Appellants. [665 NYS2d 592] —In an action to recover the proceeds of a fire insurance policy, the defendants P. Richard Gunzel and M & R Marcus Company appeal from stated portions of an order of the Supreme Court, Queens County (Dye, J.), dated September 11, 1996, which, *inter alia,* denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant P. Richard Gunzel, a retail insurance broker employed by the defendant M & R Marcus Company (hereinafter M & R), submitted an application for fire insurance on the plaintiff's behalf to the defendant Reliance Insurance Company of New York (hereinafter Reliance). It is undisputed that the application falsely claimed that one of the plaintiff's principals had five years of prior restaurant experience. The only issue on this appeal is whether the evidence submitted on the motion and cross motion for summary judgment was sufficient to establish, as a matter of law, that the misrepresentation was material (*see,* Insurance Law § 3105 [a]; *Wittner v IDS Ins. Co.,* 96 AD2d 1053).

The record contains clear and uncontradicted evidence, including the applicable underwriting manual of Reliance and the deposition testimony of three people who were familiar with Reliance's underwriting criteria, which established that Reliance would not have issued the policy to the plaintiff absent the misrepresentation in the application (*see,* Insurance Law § 3105 [b], [c]). Thus, the order must be affirmed insofar as appealed from. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.