■ HELENE P. DiDONNA, Also Known as HELENE P. VECCHIA, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [687 NYS2d 175] —In an action to recover benefits under an automobile insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 6, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is denied, and the complaint is reinstated.

The plaintiff commenced the instant action to recover first-party benefits under an insurance policy issued by the defendant carrier after her leased vehicle was stolen. The defendant asserted several affirmative defenses to the action, including fraud and material misrepresentations by the plaintiff, and subsequently moved for summary judgment dismissing the complaint on these grounds, among others. Specifically, the defendant claimed that the plaintiff's license had been suspended at the time she applied for insurance and that the plaintiff had

represented that she owned, rather than leased, the vehicle. The Supreme Court granted the defendant's motion. We reverse.

Pursuant to Vehicle and Traffic Law § 313 (1) (a), the defendant could not cancel the plaintiff's insurance policy ab initio (*see, Matter of Liberty Mut. Ins. Co. v McClellan,* 127 AD2d 767, 769; *Pilato v Nassau Ins. Co.,* 79 AD2d 971; *Teeter v Allstate Ins. Co.,* 9 AD2d 176, *affd* 9 NY2d 655). However, the defendant may assert, as affirmative defenses, that the plaintiff's alleged material misrepresentations and/or fraud in obtaining the subject policy precludes her recovery under the policy (*see, Mooney v Nationwide Mut. Ins. Co.,* 172 AD2d 144, 149; *Matter of Liberty Mut. Ins. Co. v McClellan, supra,* at 770).

On its motion for summary judgment in the instant case, however, the defendant failed to establish, as a matter of law, that the plaintiff obtained the subject policy through fraud because it did not demonstrate that the plaintiff acted with "a willful intent to defraud" rather than making a "mere mistake or oversight" in filling out the application (*see, Sun Ins. Co. v Hercules Sec. Unlimited,* 195 AD2d 24, 30).

The defendant also failed to demonstrate as a matter of law that the plaintiff made material misrepresentations on her application. "No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]). The defendant claims that the plaintiff made two material misrepresentations in her application in that: (1) she stated that she owned, rather than leased, the vehicle, and (2) she failed to reveal that her license had been suspended at the time she applied for the insurance policy. With respect to the former, the defendant did not demonstrate that it would not have issued the policy had it known of the alleged misrepresentation (*see, Lotus Exim Intl. v Pacific Empls. Ins. Co.,* 244 AD2d 189; *cf., Maski, Inc. v Walter Kaye, Inc.,* 245 AD2d 348). With respect to the latter, the plaintiff was never asked on the application whether her license was valid or suspended, and thus, she never misrepresented this fact. "Even assuming materiality, nondisclosure of a fact concerning which the applicant has not been asked does not ordinarily void an insurance policy absent an intent to defraud" (*H.B. Singer, Inc. v Mission Natl. Ins. Co.,* 223 AD2d 372). Therefore, the Supreme Court improperly granted the defendant's motion for summary judgment. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.